UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES GIVENS,

    Petitioner,

v.                                              Case No.: 5:23-cv-532-SPC-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**OPINION AND ORDER**

    This matter comes before the Court on Petitioner Charles Givens's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed August 21, 2023. (Doc. 1). Petitioner, who is incarcerated within the Florida Department of Corrections, challenges his underlying state court conviction, entered by the Fifth Judicial Circuit in and for Lake County, Case No. 2012-CF-1065. Petitioner is serving a life sentence imposed following his guilty plea to one count of second-degree murder.

    While a state prisoner who is in custody pursuant to the judgment of a state court is subject to both 28 U.S.C. §§ 2241 and 2254, he cannot evade the procedural requirements of § 2254 by filing his petition under

§ 2241. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). In other words, while applications for writs of habeas corpus are governed by § 2241, a state prisoner's application for a writ of habeas corpus is subject also to the additional restrictions of § 2254.

The Court's records reveal that Petitioner filed a 28 U.S.C. § 2254 petition attacking the same conviction he attacks herein, which was dismissed with prejudice on September 29, 2020, finding that Petitioner's claims were either procedurally defaulted, without any applicable exception, or meritless. *See Givens v. Sec'y, Fla. Dep't of Corr.*, No. 5:17-cv-160-MSS-PRL, Doc. 24 (M.D. Fla. Sept. 30, 2020). Petitioner was denied a certificate of appealability. *See Givens v. Sec'y, Dep't of Corr.*, No. 20-14112-A, 2021 WL 4551981, at *1 (11th Cir. Apr. 6, 2021), *cert. denied sub nom. Givens v. Inch*, 142 S. Ct. 285 (2021).

Petitioner has not said he has obtained leave from the Eleventh Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b); Rules Governing Section 2254 Cases in the United States District Courts, R. 9. Indeed, Petitioner's application seeking an order authorizing a second or successive petition for writ of habeas corpus was recently denied. *See In*

*re Givens*, No. 22-13462 (11th Cir. Oct. 27, 2022). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Pavon v. Att'y Gen. Fla.*, 719 F. App'x 978, 979 (11th Cir. 2018) (citation omitted); *see also Selden v. Warren*, 799 F. App'x 810, 811 (11th Cir. 2020) (affirming the district court's dismissal for lack of jurisdiction because the habeas petition was successive). The Court recognizes the term "second or successive" is not self-defining and not all habeas applications filed after the first filed habeas are per se successive. *Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007); *Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011). Having reviewed the Petition, the Court finds Petitioner has asserted no facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive." *Stewart*, 646 F.3d at 863.

Thus, the Court construes the Petition as a § 2254 petition and concludes that it is improperly successive. This case will be dismissed without prejudice to allow Petitioner the opportunity to first seek authorization from the Eleventh Circuit should he wish to lodge a second challenge to his incarceration.[1]

---

[1] A certificate of appealability, typically required for appeals from a final order of a

Accordingly, it is now

**ORDERED:**

1. As it is successive, the Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** enter judgment, deny as moot any pending motions, and close this case.

**DONE and ORDERED** in Fort Myers, Florida on August 28, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All parties of record

---

habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition.   See 28 U.S.C. § 2253(c); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).